**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2147

DAVID FAHEY; KRISTEN FAHEY,
Appellants

v.

HOLLYWOOD BICYCLE  CENTER, INC.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 08-cv-03573)
District Judge:  Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2010

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Opinion Filed:  July 7, 2010)

OPINION

BARRY, Circuit Judge

The District Court granted defendant's motion for summary judgment.  We will affirm.

I.

Because we write solely for the parties, we discuss only the facts relevant to our analysis.

On July 11, 2006, while riding a rented bicycle, David Fahey ("Fahey") suffered a concussion, multiple fractures, and multiple lacerations when his nephew, also riding a rented bicycle, swerved in front of him, causing a collision. The bicycle ridden by Fahey's nephew swerved when its chain assembly disengaged. Both bicycles were rented from Hollywood Bicycle Center, Inc. ("Hollywood Bicycle").

On September 6, 2006, Fahey and his wife (collectively "plaintiffs") retained counsel. Their counsel hired engineer David A. Mitchell, who examined the nephew's bicycle. In an April 2007 letter, Mitchell concluded that Hollywood Bicycle improperly adjusted the rear wheel, causing the chain to separate from the bicycle.

Although the parties began exploring settlement in April 2008, plaintiffs did not file their complaint until July 15, 2008 – two years and four days after the accident. According to a certification filed by plaintiffs' counsel, on July 2, 2008 counsel registered as a first-time user with the District Court's Electronic Case Filing System ("ECF System") in order to file plaintiffs' complaint, but was informed that the registration process would take ten to fourteen days to complete. Plaintiffs' complaint was thus filed on July 15, 2008, the date that counsel received confirmation from the District Court that his registration had been processed.

The District Court granted Hollywood Bicycle's motion for summary judgment, concluding that the complaint was barred by the governing two-year statute of limitations. N.J. Stat. Ann. § 2A:14-2(a).

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's grant of summary judgment is subject to plenary review. *Nationwide Mut. Ins. Co. v. CPB Int'l Inc.*, 562 F.3d 591, 595 (3d Cir. 2009).

## III.

A statute of limitations "generally accrues from the date of the negligent act or omission." *Martinez v. Cooper Hosp.-Univ. Med. Ctr.*, 747 A.2d 266, 269 (N.J. 2000). In certain circumstances, however, equitable principles will be applied "to achieve a just end." *R.A.C. v. P.J.S.*, 927 A.2d 97, 106 (N.J. 2007). One such principle is the discovery rule. Under that rule, "the limitations period does not commence until the injured party actually discovers or should have discovered through reasonable diligence the fact essential to the cause of action." *Id.* The discovery rule centers on a plaintiff's knowledge of both injury and fault. *See, e.g.*, *Savage v. Old Bridge-Sayreville Med. Group, P.A.*, 633 A.2d 514, 517 (N.J. 1993).

"'Fault' in the context of the discovery rule is simply that it is possible – not provable or even probable – that a third person's conduct that caused the injury was itself

unreasonable or lacking in due care. . . . [K]nowledge of fault denotes only facts suggesting the *possibility* of wrongdoing." *Id.* at 518. In other words, knowledge of fault "requires only the awareness of facts that would alert a reasonable person exercising ordinary diligence that a third party's conduct *may* have caused or contributed to the cause of the injury and that conduct itself might possibly have been unreasonable or lacking in due care." *Id.*

Here, plaintiffs were aware that another's conduct *may* have caused or contributed to their injuries on July 11, 2006 – the date of the accident. Indeed, Fahey consulted a lawyer soon thereafter, indicating that he was aware of the *possibility* that his injuries were caused by another's wrongdoing, rather than by happenstance or misfortune, and that he could have then filed a complaint. Accordingly, the District Court appropriately concluded that the discovery rule does not apply.

In the alternative, plaintiffs argue that their action should not be barred because they substantially complied with the statute of limitations. Assuming *arguendo* that the substantial compliance doctrine applies – a point the parties dispute – plaintiffs nevertheless fail to satisfy the doctrine's requirements.

To show substantial compliance with a statute of limitations, a plaintiff must demonstrate: (1) a lack of prejudice to the defendant; (2) steps taken to comply with the statute involved; (3) general compliance with the purpose of the statute; (4) reasonable

notice of the claims; and (5) a reasonable explanation for the failure to strictly comply with the statute. *Negron v. Llarena*, 716 A.2d 1158, 1163 (N.J. 1998).

Plaintiffs fail to satisfy at least the second and fifth elements. Plaintiffs' counsel attempted to electronically file the complaint on July 2, 2008. However, counsel failed until the last minute to attempt to register with the District Court's ECF System, and because the registration process takes ten to fourteen days to complete, counsel knew or should have known that his registration would not be complete until after the statute of limitations had expired. There is no evidence that, with this knowledge, counsel or plaintiffs made any attempt to file the complaint in an alternate manner such that it would have been timely.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.